UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 28, 2021

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO. 20-MJ-210** |
| | : | |
| **JAMES E. COLEMAN,** | : | **VIOLATIONS:** |
| | : | 18 U.S.C. § 1591(a)(1) |
| **Defendant.** | : | 18 U.S.C. § 1591(b)(1) |
| | : | 18 U.S.C. § 1594 |
| | : | 18 U.S.C. § 2422(b) |
| | : | 18 U.S.C. § 2251(a) |
| | : | |
| | : | **FORFEITURE:** |
| | : | 18 U.S.C. § 1594(d); |
| | : | 18 U.S.C. § 2428; and |
| | : | 18 U.S.C. § 2253(a) |

**I N D I C T M E N T**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment, one girl, Minor Victim One (MV-1), whose identity is known to the Grand Jury, was the victim of the crimes alleged in Counts One through Four. MV-1 was a resident of Virginia and has a date of birth in 2005.

**COUNT ONE**
*Sex Trafficking Conspiracy*
18 U.S.C. §§ 1591(a)(1) and 1594(a) and (c))

Beginning on or about June 29, 2020 through on or about August 12, 2020, in the District of Columbia and elsewhere, the defendant James E. Coleman, did conspire with other individuals

known and unknown to the grand jury, in and affecting interstate commerce, to recruit, entice, harbor, transport, provide, obtain, and maintain by any means, MV-1, knowing, and in reckless disregard of the fact that MV-1 had not yet attained the age of 18 years and that MV-1 would be caused to engage in a commercial sex act; all in violation of 18 U.S.C. § 1591(a)(1) and 1594(a) and (c).

## COUNT TWO
*Sex Trafficking of Children – 18 U.S.C. § 1591(a)(1) and (b)(1)*

Between the dates of June 29, 2020 and August 12, 2020, in the District of Columbia and elsewhere, the defendant, James E. Coleman, in or affecting interstate or foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained MV-1, knowing and in reckless disregard of the fact that (1) means of force, threats of force, fraud, coercion and any combination of such means would be used to cause MV-1 to engage in a commercial sex act and (2) that MV-1 would be caused to engage in a commercial sex act, having had a reasonable opportunity to observe MV-1 and knowing and in reckless disregard of the fact that MV-1 had not attained the age of 18 years; all in violation of 18 U.S.C. § 1591(a)(1) and (b)(1).

## COUNT THREE
*Coercion and Enticement of a Minor  – 18 U.S.C. §§ 2, 2422(b)*

Between the dates of June 29, 2020 and July 17, 2020, in the District of Columbia and elsewhere, the defendant, James E. Coleman, did knowingly use a facility and means of interstate and foreign commerce, that is, the Internet and a cellular phone, to persuade, induce, entice and coerce a person who had not attained the age of 18 years, specifically, MV-1, to engage in any sexual activity for which any person could be charged with a criminal offense, including but not limited to sex trafficking of a minor as described in 18 U.S.C. § 1591(a)(1) and First Degree Child Sexual

Abuse, in violation of 22 D.C. Code, Section 3008, all in violation of Title 18, United States Code, Sections 2, 2422(b).

## COUNT FOUR
*Production of Child Pornography* - 18 U.S.C. § 2251(a)

In or about July of 2020, in the District of Columbia, the defendant, James E. Coleman, did knowingly employ, use, persuade, induce, entice and coerce a minor, specifically, MV-1, who was under 18 years of age, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing that such visual depiction would be transported and transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, including by computer, and such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate and foreign commerce; all in violation of 18 U.S.C. § 2251(a).

## FORFEITURE ALLEGATIONS
*Criminal Forfeiture* – 18 U.S.C. § 1594(d); 18 U.S.C. § 2428; 18 U.S.C. § 2253(a)

As a result of the violation of 18 U.S.C. § 1591(a), as set forth in Counts One and Two of this Indictment, upon conviction the defendant shall forfeit to the United States: (1) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation(s), and any property traceable to such property, pursuant to 18 U.S.C. § 1594(d)(1); and (2) any property, real or personal, constituting or derived from, any proceeds that he obtained, directly or indirectly, as a result of such violation(s), or any property traceable to such property, pursuant to 18 U.S.C. § 1594(d)(2).

As a result of the violation of 18 U.S.C. § 2422(b), as set forth in Count Three of this Indictment, and the violation of 18 U.S.C. § 2251, as set forth in Count Four of this Indictment, upon conviction the defendant shall forfeit to the United States: (1) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapters 110 and 117, pursuant to 18 U.S.C. § 2428 and 18 U.S.C. § 2253(a); shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense, pursuant to 18 U.S.C. § 2428 and 18 U.S.C. § 2253(a).

Such property includes, but is not limited to, a money judgment equal to an amount as proved in this matter, representing the total value of property subject to forfeiture from the defendant for his violation(s) of 18 U.S.C. § 1591(a) and/or 18 U.S.C. §§ 2422(b), and 2251(a) as alleged in this Indictment. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property that cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2428, 18 U.S.C. § 2253(a), and/or 18 U.S.C. § 2461(c), to seek to forfeit any other property of the defendant up to the listed value.

A TRUE BILL:

FOREPERSON.

*Channing D Phillips/JSL*

Attorney of the United States in
and for the District of Columbia.